IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SKILAH ANDERSON                                                                      PETITIONER

VS.                                                 CIVIL ACTION NO 3:09cv768-DPJ-FKB

RONALD W. KING                                                    RESPONDENT

## REPORT AND RECOMMENDATION

Skilah Anderson was convicted of capital murder and armed robbery in the Circuit Court of the First Judicial District of Hinds County, Mississippi. His conviction and sentence were affirmed on appeal. Presently before the Court is his petition for a writ of habeas corpus. Having considered the petition, response, and state court record, the undersigned recommends that habeas relief be granted as to his sentence on the armed robbery conviction and that in all other respects relief be denied.

## I. FACTS AND PROCEDURAL HISTORY

On June 25, 2007, Skilah Anderson, Corey Bryant, and Garner Brister, Jr. traveled to Gun Works, Inc. on Raymond Road in Jackson, Mississippi.[1] When they arrived, Bryant, armed with a .38, entered the building and shot and killed Paul Robinson, an employee. Anderson, also carrying a gun, followed Bryant into the building. While Anderson and Bryant were gathering guns and ammunitions, a customer, Charles Withers, entered the store. Anderson and Bryant pointed their guns at Withers, and Bryant took Withers's wallet and cell phone from him. Anderson and Bryant then loaded

---

[1] Anderson was 17 years old at the time.

the stolen merchandise in Brister's car, and the three drove away.

The next day, Officer Gary Moore, acting on a tip from an informant, went to Anderson's home and questioned him briefly. Moore left but stated that he would likely be back for further questioning. Moore later returned to Anderson's home to bring him in for questioning. Once in the patrol car, Anderson told Moore that he knew he was in trouble but that he was not the shooter. Moore then read Anderson his Miranda rights. Upon arrival at the station, Anderson signed a waiver of his Miranda rights and gave a statement in which he admitted his participation in the robbery.

Anderson, Bryant, and Brister were indicted and tried jointly for capital murder and armed robbery. The jury convicted all three of capital murder and Anderson and Bryant of armed robbery. Anderson was sentenced by the court to life without parole for capital murder and life for armed robbery, the sentences to run concurrently. The Mississippi Court of Appeals affirmed. *Anderson v. State*, 5 So. 3d 1088 (Miss. Ct. App. 2007). Anderson then filed a motion for post-conviction relief, which was denied.

In his § 2254 petition, Anderson raises five grounds for relief, all alleging ineffective assistance of counsel:

1. Failure of counsel to object to the admission of false testimony by law enforcement officers at the suppression hearing and trial.

2. Failure of counsel to object to the admission of the tape recording of Anderson's confession at the suppression hearing.

3. Failure of counsel to object to the imposition by the court of a life sentence for armed robbery.

4. Failure of counsel to discover that Anderson's rights waiver form and police statements admitted at the suppression hearing had been altered.

2

5. Failure of appellate counsel to file a petition for rehearing with the court of appeals and a petition for a writ of certiorari with the state supreme court.

## II. ANALYSIS

All of the claims asserted in Anderson's petition were adjudicated on the merits by the Mississippi Supreme Court in his post-conviction proceeding. They are therefore subject to the highly deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), which allows habeas relief in this case only if the state court's rejection of Anderson's claims involved "an unreasonable application of . . . clearly established Federal law . . . as determined by the Supreme Court of the United States" or "an unreasonable determination of the facts" in light of the evidence presented to the state court. *Id.* The Supreme Court has repeatedly emphasized that " 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, the application must be not only incorrect, but also "objectively unreasonable." *Renico,* 130 S.Ct. at 1862 (quoting *Williams*, 529 U.S. at 409).

The standard of review for ineffective assistance claims previously adjudicated on the merits is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Analysis of ineffective assistance claims begins with the test set forth in *Strickland v.*

*Washington*, 466 U.S. 668 (1984). Under *Strickland's* familiar two-prong analysis, a petitioner must first show that his attorney's performance was deficient. 466 U.S at 688. "Deficient" means that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 690. If a petitioner succeeds in establishing deficiency on his counsel's part, then he must go on to demonstrate that his attorney's deficient performance prejudiced the defense such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The standard of review of an attorney's performance is "highly deferential," and a court considering an ineffectiveness claim is to "indulge a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance." *Id.* at 689.

The difficulty faced by a habeas petitioner in seeking to establish a claim of ineffective assistance is compounded when the claim is viewed through the lens of § 2254(d). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland'*s deferential standard." *Harrington v. Richter,* 131 S.Ct. 770, 788 (2011).

In short, a habeas petitioner's burden of overcoming AEDPA's deferential standard of review is an extremely difficult one; the burden only increases where a petitioner is asserting ineffective assistance claims.

Claims one and four of Anderson's petition concern the identity of the officers who were present during Anderson's interview at the police station. Anderson argues that

4

Detective Dexter McLaurin was not present during his interview, that McLaurin testified that he was not present, and that therefore the testimony of Officer Moore, Detective Eric Smith and Detective James Cornelius to the contrary was false. Anderson also takes the position that his rights and waiver form, as well as his written statement, were obviously altered and falsified to misrepresent which officers were present. In Anderson's view, had his attorney conducted a proper investigation, his attorney would have known that McLaurin was not present and could have used this fact and the supposed alterations of the documents to impeach the credibility of the other officers.

A review of the testimony at the suppression hearing and at trial, as well as the documents at issue, reveals no essential contradiction in the evidence as to who was present–certainly nothing so inconsistent that any testimony or documents could be characterized as "false." The evidence indicates that Anderson was at the precinct for over two hours. During this time, Officer Smith explained Anderson's rights to him, reviewed the rights and the waiver form with him, interviewed him concerning the robbery, and took a written statement.[2] Officers Cornelius, McLaurin, and Moore were present at times during this process. However, once Anderson identified his partner as Corey Bryant, McLaurin and Moore left to obtain a warrant for Bryant and go to Bryant's home. The only uncertainty is the extent to which McLaurin was present early on in the process. The other officers recalled that McLaurin was present at least part of the time while Smith was explaining the rights and waiver form to Anderson, and Anderson's written statement

---

[2] The time indicated on the rights and waiver form is 12:50 a.m. The statement form indicates the actual interview began at 1:36 a.m. Page one of the statement was signed at 3:13 a.m., and page two was signed at 3:20 a.m.

5

begins by stating that he is "currently at Precinct Two talking with Det. Eric Smith and Det. Dexter McLaurin about the incident that occurred at the Gun Works Inc., located on Raymond Road." McLaurin, on the other hand, testified that he was present when Anderson was "brought in," but was not "inside" when Anderson was being "questioned."

Anderson's precise argument concerning the documents is somewhat difficult to follow. It appears that Anderson describes the rights and waiver form as "false" because Cornelius's signature on it is somehow inconsistent with the fact that Anderson did not include Cornelius's name in the opening paragraph of his statement. But neither Anderson nor anyone else disputes that Cornelius was in fact present throughout the entire process. Thus, there is no basis for characterizing this document as false or as having been altered. As to the typewritten statement, Anderson claims that it was false and obviously altered because of the mention of McLaurin in the opening paragraph. Admittedly, Anderson's reference to McLaurin does give the impression that McLaurin was present at the beginning of the interview, which is somewhat inconsistent with McLaurin's recollection that he was not present when Anderson was questioned. But this inconsistency is simply insufficient to have rendered the performance of Anderson's attorney deficient for failing to raise it. Furthermore, Anderson makes no allegation that he ever raised the issue of McLaurin's presence with his attorney or that he ever told his attorney that he had not actually included McLaurin's name in the statement or that he believed that the documents had been altered. These claims of ineffective assistance are without merit. It follows that the state court's rejection of them was not objectively unreasonable.

In ground two of his petition, Anderson argues that his attorney should have objected to the admission at the suppression hearing of the tape recording of his statement because the recording was not properly authenticated. The state offered the tape in rebuttal after Anderson testified that he had confessed as a result of being threatened by the officers. By this time, the witnesses who could have authenticated the tape had left the courtroom. The judge, stating that she wanted to listen to the tape, read into the record the chain-of-custody indicators accompanying the recording. After listening to the tape, the court concluded that the recording did not support Anderson's claims that his statement was the product of coercion and threats.

Because the tape was not properly authenticated, Anderson's attorney could have made a valid objection to its admission. It does not follow, however, that defense counsel's failure to do so constituted ineffective assistance. The likely result of his making such an objection would have been merely to delay the proceedings in order for Officer Smith or some other appropriate witness to come to court and authenticate the tape. Furthermore, Anderson has come forward with no argument or evidence indicating that the tape could not have been authenticated. In short, Anderson has not shown that there is "no reasonable argument" that his attorney satisfied the standards of *Strickland*. No relief is warranted on ground two.

Ground four of Anderson's petition concerns the sentence he received for armed robbery. This sentence was imposed by the trial judge. Anderson argues that the judge did not have the authority to impose a life sentence and that his attorney was ineffective for failing to object to the sentence. The undersigned agrees.

7

> The armed robbery statute reads as follows:
>
> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.

Miss. Code Ann. § 97-3-79 (2006). This same statute was in effect at the time of Anderson's crime. The Mississippi courts have consistently interpreted this statute to mean that "a trial judge's sentencing in armed robbery cases is limited to a definite term reasonably expected to be less than life." *Cannon v. State*, 919 So. 2d 913, 916 (Miss. 2005). In failing to object to the sentence, Anderson's attorney rendered deficient performance, and Anderson was obviously prejudiced thereby. Furthermore, no reasonable argument could be made that Anderson's attorney satisfied *Strickland*'s standard in failing to recognize that his client could not be sentenced to life by the judge and in failing to object and insist upon a sentence for a term of years. The state supreme court's rejection of this claim was unreasonable in light of *Strickland*. Anderson is entitled to habeas relief on ground four.

In ground five, Anderson argues that his appellate counsel rendered ineffective assistance in failing to file a petition for rehearing after the court of appeals affirmed his convictions and in failing to seek a writ of certiorari by the supreme court. This claim fails because Anderson had no constitutional right to counsel for discretionary review. *See Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002) (citing *Ross v. Moffitt,* 417 U.S. 600, 619 (1974)). And, since Anderson "had no constitutional right to counsel, he could not be

deprived of the effective assistance of counsel." *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam) *quoted in Moore*, 313 F.3d at 882 n. 9. The state court's rejection of this claim was not objectively unreasonable.

## III. CONCLUSION

For the reasons stated herein, the undersigned concludes that Anderson is entitled to habeas relief on ground four of his petition. The undersigned recommends that relief be granted as to his life sentence for armed robbery and that relief otherwise be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 5th day of December, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE